IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| O. THRONAS, INC., a Hawai'i corporation, and KAUA'I AGGREGATES, a Hawai'i Limited Partnership,<br><br>             Plaintiff,<br><br>     vs.<br><br>ALVA BLAKE, aka ALVA E. BLAKE, etc., et al.,<br><br>             Defendants.<br>_____ | CIVIL NO. 09-00353 DAE-LEK |

**ORDER DENYING DEFENDANT'S MOTION TO STAY PENDING
RESOLUTION OF CRIMINAL INVESTIGATION AND/OR PROSECUTION**

Before the Court is Defendants Alva Blake, individually, ("Alva") and as the Personal Representative of the Estate of Puanani Ilae Blake, formerly known as Helen Puanani Blake and Helen P. Blake's ("Estate") (collectively "Blake Defendants") Motion to Stay Pending Resolution of Criminal Investigation and/or Prosecution ("Motion"), filed on January 19, 2010.  Defendant Keoni K. Blake ("Keoni"), Defendants Kanan K. Blake ("Kanan") and Leena Blake, also known as Leena Alcaraz Blake (collectively "Kanan/Leena"), and Patricia L. Rider-Blake ("Patricia") filed substantive joinders to the Motion on January 21, 2010.  Plaintiffs O. Thronas, Inc. ("Thronas") and Kauai Aggregates (collectively "Plaintiffs") filed their memorandum in opposition on February 9, 2010, and the Blake

Defendants filed their reply on February 12, 2010.  This matter came on for hearing on March 1, 2010.  Appearing on behalf of the Blake Defendants were David Minkin, Esq., and Jordan Kimura, Esq., appearing on Keoni's behalf was Richard Wilson, Esq., appearing on Kanan/Leena's behalf were Lyle Hosoda, Esq., and Raina Gushiken, Esq., appearing by telephone on Patricia's behalf was Joe Moss, Esq., and appearing on Plaintiffs' behalf was Ralph O'Neill, Esq.  After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, the Blake Defendants' Motion, and the joinders therein, are HEREBY DENIED WITHOUT PREJUDICE for the reasons set forth below.

### BACKGROUND

Plaintiffs filed the instant action on July 29, 2009.  The Complaint alleges that, from 1997 through 2007, Helen Blake, Thronas' former bookkeeper and corporate secretary, Alva, Thronas' corporate vice president, Keoni, Kanan/Leena, and Patricia embezzled more than $11.7 million.  The Complaint alleges various violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, as well as state law claims of breach of fiduciary duty, conspiracy to commit fraud, unjust enrichment, and constructive trust.

In the instant Motion, the Blake Defendants state that, since the filing of the instant action, Plaintiffs filed a nearly

identical action in state court ("state action"),[1] and the Federal Bureau of Investigation ("FBI") has commenced an investigation into the alleged embezzlement. On or about October 6, 2009, Special Agent Tom Simon contacted counsel for the Blake Defendants, stating that he was investigating Alva for possible criminal violations of federal or Hawai'i RICO laws. Agent Simon also stated that Assistant United States Attorney Leslie Osborne was assigned to handle any potential prosecution. On December 29, 2009, Mr. Osborne sent Alva a letter advising him that he is "a target of a federal criminal investigation involving mail and wire fraud."[2] [Exh. B to Minkin Decl.] The letter asked Alva or his counsel to contact Agent Simon by January 15, 2009 and cautioned that, if Alva declined to speak to FBI representatives, he could be subpoenaed to appear before a grand jury. The Blake Defendants seek a stay of the instant case until the completion of the FBI investigation or, if an indictment is issued against Alva, until the completion of prosecution of any criminal charges. The Blake Defendants argue that discovery in the instant case will be prejudicial to Alva's Fifth Amendment rights against self-incrimination and that there

---

[1] The complaint state action alleges virtually the same claims as the Complaint in the instant case, except that the state action alleges a violation of Hawai'i state RICO laws. [Motion, Decl. of David J. Minkin ("Minkin Decl."), Exh. A (state action complaint).]

[2] Keoni, Kanan/Leena, and Patricia received similar letters.

3

is no other way to lessen or avoid this prejudice.

Plaintiffs argue that the Motion improperly seeks a blanket stay and that the individual defendants can protect any rights against self-incrimination by asserting objections to specific questions.  Further, the defendants have not established how they will be prejudiced in the instant case or in the criminal proceedings if they exercise their Fifth Amendment privileges.  Plaintiffs also note that the self-incrimination privilege is personal and therefore Alva cannot assert it on behalf of his late wife.  In addition, Plaintiffs argue that they would be prejudiced by a stay, the defendants would not be unduly burdened if this case goes forward, and a stay would not promote judicial economy.  Plaintiffs assert that even a partial stay would not be in the interests of justice.

In their reply, the Blake Defendants argue that a stay is proper because the civil and criminal proceedings at issue substantially overlap, and the delay will not cause undue prejudice.  The Blake Defendants argue that Alva will be prejudiced without a stay, and the burden to him of going forward outweighs any potential prejudice that Plaintiffs may suffer if the case is stayed.  The Blake Defendants acknowledge that Alva cannot assert Fifth Amendment rights on behalf of the Estate or his late wife, but they argue that responding to discovery in his capacity as Personal Representative of the Estate will prejudice

his own Fifth Amendment rights.

## DISCUSSION

Absent a showing of substantial prejudice to the rights of the parties involved, the Fifth Amendment privilege against self-incrimination does not require a stay of civil proceedings pending the outcome of criminal proceedings.  See Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995). In determining whether a stay is appropriate, the court should consider various factors in the context of the particular circumstances and interests involved in the case.  These factors include:

> (1) the extent to which the defendant's Fifth Amendment rights are implicated, (2) the interest of the plaintiffs in proceeding expeditiously, (3) the burden the proceedings may impose on the defendants, (4) the convenience of the court and the efficient use of judicial resources, (5) the interests of persons not parties to the civil litigation, and (6) the interest of the public in the pending civil and criminal litigation.

S.E.C. v. Global Express Capital Real Estate Inv. Fund, I, LLC, 289 Fed. Appx. 183, 191 (9th Cir. 2008) (citing Fed. Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir. 1989)).

First, as this Court has previously noted, the Estate does not have Fifth Amendment rights against self-incrimination. Cf. United States v. Nobles, 422 U.S. 225, 233 (1975) ("The Fifth Amendment privilege against compulsory self-incrimination is an intimate and personal one, which protects a private inner sanctum

of individual feeling and thought . . . ." (citations and quotation marks omitted)).  Thus, a stay is not warranted as to the claims against the Estate.

This Court acknowledges that issues in the instant case will implicate the individual defendants' Fifth Amendment rights.  The Blake Defendants' argument for a stay of the entire action, however, is weak because no indictment has been returned at this time.  See S.E.C., 289 Fed. Appx. at 191.  A stay of the action is not necessary because the individual defendants' Fifth Amendment rights can be protected through less drastic means, such as asserting the privilege on a question by question basis and implementing protective orders.  The individual defendants can also provide discovery which does not incriminate them.  Proceeding in such manner will, however, be more burdensome on the individual defendants than a stay.

In contrast, Plaintiffs will suffer severe prejudice if the case is stayed until the resolution of the FBI investigation and any criminal prosecution.  If the government elects to prosecute the individual defendants, the criminal case may not be resolved for years.  Such a lengthy and indeterminate stay could effectively deprive Plaintiffs of their day in court.  Further, it would not serve the interests of judicial economy or the public interest in the expeditious resolution of civil actions.

Having weighed all of the relevant factors, this Court

finds that a complete stay of the instant case is not warranted at this time.  This Court acknowledges that future developments in the FBI investigation and any criminal prosecution may change the balance of the relevant factors.  The Motion is therefore DENIED WITHOUT PREJUDICE.

The Court, however, will stay all discovery as to the individual defendants for ninety days from the date of this order.  This will preserve the individual defendants' Fifth Amendment rights while still allowing the case to move forward.  Plaintiffs may, for example, seek discovery from the Estate[3] and from third parties.

## **CONCLUSION**

On the basis of the foregoing, the Blake Defendants' Motion to Stay Pending Resolution of Criminal Investigation and/or Prosecution, filed on January 19, 2010, is HEREBY DENIED WITHOUT PREJUDICE.  Keoni's, Kanan/Leena's, and Patricia's joinders in the Motion are also DENIED WITHOUT PREJUDICE.

The Court, however, STAYS discovery as to Alva, Keoni, Kanan/Leena, and Patricia for ninety days from the date of this order.

IT IS SO ORDERED.

---

[3] If responding to discovery requests in his capacity as personal representative of the Estate would implicate Alva's Fifth Amendment rights, Alva should assert them on a question-by-question basis, with the requisite privilege log.

DATED AT HONOLULU, HAWAII, March 10, 2010.



　　　　　　　/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**O. THRONAS, INC., ET AL. V. ALVA BLAKE, ET AL; CIVIL NO. 09-00353 DAE-LEK; ORDER DENYING DEFENDANT'S MOTION TO STAY PENDING RESOLUTION OF CRIMINAL INVESTIGATION AND/OR PROSECUTION**