IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| O. THRONAS, INC., a Hawai'i corporation, and KAUA'I AGGREGATES, a Hawai'i Limited Partnership,<br><br>Plaintiff,<br><br>vs.<br><br>ALVA BLAKE, aka ALVA E. BLAKE, etc., et al.,<br><br>Defendants. | CIVIL NO. 09-00353 DAE-LEK |

## FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS FILED AUGUST 31, 2010

Before the Court, pursuant to a designation by United States District Judge David Alan Ezra, is Plaintiffs O. Thronas, Inc. and Kauai Aggregates' (collectively "Plaintiffs") Objections to Defendant's Bill of Costs ("Objections"), filed September 7, 2010.  Defendant Alva Blake, individually and as the personal representative of the Estate of Puanani Ilae Blake [1] ("Defendant"), filed his Bill of Costs and Memorandum in Support of the Bill of Costs on August 31, 2010.

In accord with Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"), the Court finds this matter suitable for

---

[1] Formerly known as Helen Puanani Blake and Helen P. Blake.

disposition without a hearing.  After reviewing the parties'
submissions, the Court HEREBY FINDS AND RECOMMENDS that
Plaintiffs' Objections be GRANTED IN PART AND DENIED IN PART.
The Court RECOMMENDS that the district judge tax costs against
Plaintiffs in the amount of $1,039.29 and deny the remainder of
Defendant's requested costs without prejudice.

## BACKGROUND

Plaintiffs filed their Complaint for Injunctive Relief
and Damages ("Complaint") against Defendant and Defendants
Keoni K. Blake, Patricia L. Rider-Blake, Kanan K. Blake, and
Leena Blake, also known as Leena Alcatraz Blake, on July 29,
2009.  [Dkt. no. 1.]  Plaintiffs also filed a parallel suit in
the Fifth Circuit Court of the State of Hawai`i.  [Objections at
2.]  The Complaint accused the defendants of violating the
Racketeer Influenced and Corrupt Organizations statute ("RICO"),
18 U.S.C. § 1961.  [Complaint at 2.]  Defendant filed his Answer
to the Complaint ("Answer") on September 25, 2009.  [Dkt. no.
21.]

Defendants Kanan K. Blake and Leena Blake filed a
Motion to Dismiss on January 19, 2010, and Defendant filed a
Motion for Joinder on January 21, 2010.  [Dkt. nos. 44, 50.]  The
district judge held a hearing for these motions on April 5, 2010.

On April 7, 2010, the district judge issued his Order:
(1) Granting Motions for Joinder; (2) Granting Defendants' Motion

to Dismiss; (3) Dismissing with Prejudice Counts I and II; (4) Declining Supplemental Jurisdiction Over Remaining State Law Claims; and (5) Vacating Hearing ("Order") therefore dismissing Plaintiffs' RICO claims without prejudice. [Dkt. no. 115 at 2.] Further, the district judge granted Plaintiffs leave to amend their Complaint as to Counts I and II of their federal RICO claims. [Id. at 20.] Plaintiffs then filed their First Amended Complaint ("FAC") on May 7, 2010. [Dkt. no. 118.]

Plaintiffs' FAC again alleged federal RICO claims under Counts I and II. [Id. at 1-2.] Counts III to VII alleged state law claims. [Id. at 3-4.] On June 4, 2010, Defendant filed another Motion to Dismiss, and all of the other defendants filed motions for joinder. [Dkt. nos. 124-127.] Plaintiffs filed their opposition on July 26, 2010, followed by Defendant's reply on August 2, 2010. [Dkt. nos. 148, 149.]

On August 10, 2010, the district judge granted the motions for joinder and Defendant's Motion to Dismiss. The district judge dismissed the federal RICO claims under counts I and II with prejudice and declined to exercise supplemental jurisdiction over Plaintiffs' state law claims. [Dkt. no. 151 at 1-2.] The Clerk of the Court entered final judgment on August 17, 2010. [Dkt. no. 152.]

I.   **Bill of Costs**

In the instant Bill of Costs, Defendant seeks taxable

3

costs under 28 U.S.C. § 1920, Rule 54(d)(1) of the Federal Rules of Civil Procedure, and Local Rule 54.2.  [Mem. in Supp. of Bill of Costs at 1.]  Defendant argues that, because he is the prevailing party, he is entitled to all costs set forth in the Bill of Costs.  [Id. at 2-3 (citing D'Hedouville v. Pioneer Hotel Co., 552 F.2d 886, 896 (9th Cir. 1977); Honolulu Disposal Serv. v. Am. Ben. Plan Adm'rs, Inc., 2006 U.S. Dist. LEXIS 65087, *3 (D. Haw. Sept. 12, 2006)).]  Specifically, Defendant contends that he is entitled to the cost of deposition transcripts, photocopies, subpoena fees, and witness and mileage fees because they are allowable under 28 U.S.C. § 1920 and Local Rule 54.2(f). [Id. at 3 (citing Yasui v. Maui Elec. Co., 78 F. Supp.2d 1124, 1126 (D. Haw. 1999)).]

Defendant first argues that, pursuant to both § 1920(2) and Local Rule 54.2(f)(2), one copy of any deposition transcript "necessarily obtained for use in the case" is allowable.  [Id. (citing Independent Iron Works, Inc. v. United States Steel Corp., 322 F.2d 656, 678 (9th Cir. 1963)).]  Defendant further points out that, under Local Rule 54.2(f)(2), depositions do not need to be introduced into evidence nor used at trial to be a taxable cost if "it could reasonably be expected that the deposition would be used for trial preparation, rather than mere discovery" at the time that it was taken.  [Id.]

Defendant asserts that the transcript expenses were

incurred with the reasonable expectation that they would be used for trial and not merely for discovery purposes.  [Mem. in Supp. of Bill of Costs at 4, Decl. of David J. Minkin ("Minkin Decl.") at ¶ 9.]  Defendant therefore asserts that these costs are recoverable.  [Id.]

Next, Defendant argues that he is entitled to $4,682.12 for photocopying costs under § 1920 and Local Rule 54.2(f)(4). [Mem. in Supp. of Bill of Costs at 1, 5.]  Defendant claims that photocopies necessary either for use in the case or discovery are recoverable.  [Mem. in Supp. of Bill of Costs at 5 (citing O'Ferral v. Trebol Motors Corp., 45 F.3d 561, 564 (1st Cir. 1995); United States EEOC v. W&O, Inc., 213 F.3d 600, 623 (11th Cir. 2000); Honolulu Disposal, 2006 U.S. Dist. LEXIS 65087 at *3).]  Defendant sets out each individual cost incurred for photocopies and maintains that the copies "were necessarily obtained for use in the case, and the corresponding costs were necessarily incurred in litigating this matter."  [Mem. in Supp. of Bill of Costs at 6, Minkin Decl. at ¶¶ 10-12.]

Defendant argues further that $75.00 of costs for service of subpoenas are taxable under § 1920(1) and Local Rule 54.2(f)(1).  [Mem. in Supp. of Bill of Costs at 9.] Specifically, Defendant points out that § 1920(1) qualifies "[f]ees of the clerk and marshal" as taxable costs while Local Rule 54.2(f)(1) allows for recovery of "fees for the . . .

service of subpoenas by someone other than the marshal . . . to the extent they are reasonably required and actually incurred." Defendant claims that these subpoena fees were actually incurred and reasonably required for this case and should therefore be recoverable.  [Minkin Decl. at ¶¶ 14-15.]

Finally, Defendant asks the Court to grant recovery for costs incurred for witness and mileage fees under § 1920(3) and Local Rule 54.2(f)(3).  [Mem. in Supp. of Bill of Costs at 10.] Defendant contends that mileage fees and subsistence fees are allowable under Local Rule 54.2(f)(3) pursuant to 28 U.S.C. § 1821 which states that "a witness in attendance . . . before any person authorized to take his deposition. . . shall be paid the fees and allowances . . . which includes an attendance fee of $40.00 per day and a mileage allowance."  Defendant claims that $140.00 in witness and mileage fees were actually incurred and reasonably required for the case and therefore should be deemed taxable.  [Id. (citing Minkin Decl. at ¶¶ 15-16).]

Plaintiffs, in their Objections, specifically oppose the costs for deposition transcripts, all outside photocopies, some in-house photocopies, all service of subpoena fees, and all witness and mileage fees.  [Objections, Appx. A.]  First, Plaintiffs argue that Defendant's Bill of Costs should be denied without prejudice pending the parallel state court proceedings. [Objections at 4-6.]  Plaintiffs claim that Defendant should wait

6

for the outcome of the state proceeding so as to increase judicial economy, efficiency, and fairness.  [Id. at 4.] Plaintiffs analogize the instant situation with a bill of costs in a case that has been improperly removed from state court to federal court.  [Id. at 5-6.]  In that situation, Plaintiffs contend that the federal court would remand the case back to the state court, which would also decide bill of costs and taxation issues.  [Id.]

Along the same line, Plaintiffs next argue that the majority of Defendant's claimed costs are premature given the pending state proceeding.  Specifically, Plaintiffs claim that all costs for deposition transcripts, outside photocopying costs, and all service of subpoena fees are premature and therefore not recoverable.  [Objections, Appx. A at 1-4.]  Plaintiffs further contend that the in-house photocopying costs of Defendant's Notice of Taking Depositions upon Written Interrogatories to Peter Virdone & Co.; Defendant's request for production of documents; the Rowena Cobb and Cobb Realty interrogatories; the filing/service fee for Defendant's initial disclosures; and Defendant's first request for answers to interrogatories to Plaintiffs were similarly premature.  [Id. at 2-3.]

Finally, Plaintiffs argue that costs merely relating to discovery are not taxable.  [Objections at 7 (citing Griffin v. JTSI, Inc., CV 08-00242 ACK-LEK, 2009 WL 5126335, at *2 (D.

7

Hawai`i Dec. 28, 2009)).] Plaintiffs state that, in addition to being premature, Defendant's costs for deposition transcripts, certain outside photocopying costs, the in-house copying cost of Defendant's Notices of Taking Depositions upon Written Interrogatories, all service of subpoena costs, and all witness and mileage fees are mere discovery rather than preparation for trial. [Objections, Appx. A at 1-5.] Plaintiffs therefore contend that these costs are not recoverable. Plaintiffs further argue that the depositions of Rowena Cobb and Peter P. Virdone & Company constituted investigative discovery rather than trial preparation. [Objections at 7-8.]

Plaintiffs do not object to $127.50 of the costs requested. [Id. at 3.] Specifically, Plaintiffs do not object to in-house photocopying costs for: filing/service of Defendant's Motion to Stay; filing/service of Defendant's Joinder Motion; filing/service of Defendant's Motion for Protective Order Forbidding Participation; Defendant's responses to Plaintiffs' first request for answers to interrogatories; filing/service of Defendant's letter brief to this Court regarding discovery disputes; filing/service of Defendant's Motion to Dismiss First Amended Complaint for Injunctive Relief and Damages; and filing/ service of Defendant's Reply in Support of Motion to Dismiss First Amended Complaint.

## DISCUSSION

### I.   Jurisdiction to Decide Bill of Costs Pending State Action

When a federal action has a parallel state action, the federal court maintains the right to approve or deny a bill of costs at its discretion based on the facts of each case.  See Wash. State Dep't of Transp. v. Wash. Natural Gas Co., 59 F.3d 793, 806 (9th Cir. 1995); Yasui v. Maui Elec. Co., Ltd., 78 F. Supp. 2d 1124, 1126 (D. Hawai`i 1999).  Parallel state actions are distinguishable from Plaintiffs' analogy where a state action is improperly removed to federal court.  They are completely different proceedings.  Plaintiffs offer no support for their contention that this Court should be affected by the parallel state action.  The Court therefore RECOMMENDS that the district judge DENY Plaintiffs' Objections to the Bill of Costs based on the parallel state proceeding.

### II.  Taxable Costs

Rule 54(d)(1) of the Federal Rules of Civil Procedure states that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  A final Judgment was entered in favor of the defendants by the Clerk of the Court on August 17, 2010.  This Court finds that Defendant is a prevailing party for purposes of Rule 54(d)(1).

A district court may exercise discretion in allowing or disallowing reimbursement of the costs of litigation, but it may not tax costs beyond those enumerated in 28 U.S.C. § 1920.  See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds, 42 U.S.C. § 1988(c). "Courts, however, are free to construe the meaning and scope of the items enumerated as taxable costs in § 1920." Frederick v. City of Portland, 162 F.R.D. 139, 142 (D. Or. 1995) (citing Alflex Corp. v. Underwriters Lab., Inc., 914 F.2d 175, 177 (9th Cir. 1990) (per curiam)).  Section 1920 enumerates the following costs:

(1)  Fees of the clerk and marshal;
(2)  Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3)  Fees and disbursements for printing and witnesses;
(4)  Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5)  Docket fees under section 1923 of this title;
(6)  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

In its Bill of Costs, Defendant seeks a total of $5,741.41 in taxable costs.  Defendant's Bill of Costs seeks taxation of the following:

Fees of the Clerk                                    $00.00

10

| | |
|---|---|
| Fees for service of summons and subpoena | $75.00 |
| Fees for printed or electronically recorded transcripts . . . | $844.29 |
| Fees for witnesses | $140.00 |
| Fees for exemplification and the costs of making copies . . . | $4,682.12 |
| **TOTAL** | **$5,741.41** |

[Bill of Costs at 1.]

Plaintiffs object to all of Defendant's service costs, transcript costs, witness costs, and a portion of Defendant's copying costs. [Objections at 3, Appx. A.]

**A.    Deposition Transcripts**

Transcript fees are taxable under § 1920(2). Further Local Rule 54.2(f)(2) states:

> The cost of a stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case is allowable. A deposition need not be introduced in evidence or used at trial, so long as, at the time the deposition would be used for trial preparation, rather than mere discovery.

Defendant's transcript costs are as follows:

| Deposition Transcripts | |
|---|---|
| Deposition of Rowena Cobb | $109.01 |
| Deposition of Peter Virdone | $320.10 |
| Deposition of Tessie Cabral | $415.18 |
| **Total** | **$844.29** |

[Mem. in Supp. of Bill of Costs at 4.] Defendant additionally submitted an invoice for each deposition transcript expense. [Minkin Decl., Exhs. C., D.]

Defendant argues that each deposition transcript was not used merely for discovery but that these depositions were

reasonably expected to be used for trial preparation.  [Minkin Decl. at ¶ 9.]  Plaintiffs disagree with Defendant's argument and insist that these depositions were conducted purely for discovery purposes.  [Objections at 3-4, Appx. A at 1.]  Based on the parties representations and this Court's knowledge of the case, this Court FINDS that all of Defendant's deposition transcript costs were reasonably incurred for trial preparation.  The Court therefore RECOMMENDS that the district judge DENY Plaintiffs' Objections to the costs for deposition transcripts and tax Defendant's deposition transcript costs in full.

    **B.**   **Copying Costs**

       Copying costs are taxable pursuant to § 1920(4).  Local Rule 54.2(f)(4) states:

> The cost of copies necessarily obtained for use in the case is taxable provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied.  As of the effective date of these rules, the practice of this court is to allow taxation of copies at $.15 per page or the actual cost charged by commercial copiers, provided such charges are reasonable.  The cost of copies obtained for the use and/or convenience of the party seeking recovery and its counsel is not taxable.

Defendant seeks $234.45 for in-house copying costs of 1,563 pages at $.15 per page.  [Minkin Decl. at ¶ 13.]  Defendant also seeks $4,447.67 for outside commercial copying, for a total of $4,682.12.  [Mem. in Supp. of Bill of Costs at 5-8, Minkin Decl.

at ¶¶ 13-14.]  Defendant submitted a spreadsheet listing the cost of the copies and the document title.  Additionally, Defendant submitted invoices for all outside commercial copying costs but failed to specify the purpose of these copies.  [Minkin Decl. at ¶¶ 10-12, Exhs. D-F.]  The Court is unable to determine if these copies were for the use and convenience of Defendant and his counsel.

Defendant also submitted a spreadsheet of the in-house copying costs detailing the documents copied, the purpose of the document copied, the number of pages copied per document, and the rate at which each page was copied.  [Objections at 7-8.] Defendant did not, however, provide documentation of how many copies were made of each document as required by Local Rule 54.2. This Court therefore FINDS AND RECOMMENDS that the district judge GRANT Plaintiffs' Objections to Defendant's copying costs and that this request be DENIED WITHOUT PREJUDICE.

The Court, however, will allow Defendant to submit further supporting documentation detailing the purpose of the commercial copying costs and the number of copies made for each document as to the in-house copying costs.

## C.   Service of Subpoena Fees

Under 28 U.S.C. § 1920(1), "Fees of the clerk and marshal" are taxable costs.  Local Rule 54.2(f)(1) clarifies that "[f]ees for the service of process and service of subpoenas by

someone other than the marshal are allowable, to the extent they are reasonably required and actually incurred." Defendant's service fees are as follows:

| | |
|---|---|
| Service of Subpoena on Peter P. Virdone & Company | $25.00 |
| Service of Subpoena on Rowena Cobb | $25.00 |
| Service of Subpoena on Cobb Realty | $25.00 |
| **Total** | **$75.00** |

[Minkin Decl. at ¶¶ 14-15, Exhs. G-H.] Defendant submitted an invoice for each service fee. [Minkin Decl., Exhs. G-H.]

Defendant argues that all three subpoenas were reasonably necessary for this case and that the costs were actually incurred. [Mem. in Supp. of Bill of Costs at 9, Minkin Decl., Exhs. G-H.] Plaintiffs argue that these subpoenas were unnecessary because Rowena Cobb is a relative of Defendant and Peter P. Virdone & Company is Defendant's own accountant. Plaintiffs therefore insist that the subpoena fees are not taxable. [Objections at 7.]

Plaintiffs do not provide support for their statements regarding the relationship of Defendant to the parties that were subpoenaed. Further, even assuming that these relationships exist, Plaintiffs fail to cite any legal authority supporting their proposition that the relationships render the subpoenas unnecessary. Based on the parties' representations and this Court's knowledge of the case, this Court FINDS that these

subpoena fees were necessarily incurred.  The Court RECOMMENDS the district judge DENY Plaintiffs' Objections to Defendant's subpoena service costs and tax those costs in full.

      **D.**   **Witness and Mileage Fees**

      Pursuant to § 1920(3), witness fees are taxable costs. Additionally, Local Rule 54.2(f)(3) states, "Per diem, subsistence, and mileage payments for witnesses are allowable to the extent reasonably necessary and provided for by 28 U.S.C. § 1821."  Subsection 1821(b)(2) provides clarification by stating:

> A travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to section 5704 of title 5, for official travel of employees of the Federal Government shall be paid to each witness who travels by privately owned vehicle.  Computation of mileage under the paragraph shall be made on the basis of a uniformed table of distances adopted by the Administrator of General services.

Defendant claims the following witness and mileage fees:

| | |
|---|---|
| Witness Fee for Custodian of Records for Rowena Cobb | $40.00 |
| Witness Fee for Custodian of Records for Cobb Realty | $40.00 |
| Witness Fee for Custodian of Records for Peter P. Virdone & Company | $40.00 |
| Mileage Fee for Rowena Cobb and Cobb Realty | $20.00 |
| **Total** | **$140.00** |

[Bill of Costs at 2, Mem. in Supp. of Bill of Costs at 10.]

Defendant also provided a record of the checks issued for payment

of the witness and mileage fees.  [Mem. in Supp. of Bill of Costs at 10, Exh. B, ¶¶ 147-49, 176.]  While Defendant is entitled to witness fees actually incurred, he has failed to establish that counsel calculated the claimed witness mileage fees in accordance with § 1821.

This Court therefore FINDS AND RECOMMENDS that the district judge GRANT IN PART AND DENY IN PART Plaintiffs' Objections to Defendant's witness and mileage fees.  The Court RECOMMENDS that the district judge GRANT Plaintiffs' Objections to Defendant's mileage fees and DENY this request WITHOUT PREJUDICE.  The Court RECOMMENDS that the district judge DENY Plaintiffs' Objections to Defendant's witness fees and tax $120.00 in witness fees against Plaintiffs.  This Court will allow Defendant leave to submit supplemental declarations and/or support for the claimed mileage fees, including how the fees were calculated.

## CONCLUSION

In accordance with the foregoing, this Court HEREBY FINDS AND RECOMMENDS that Plaintiffs' Objections to Defendant's Bill of Costs filed August 31, 2010, be GRANTED IN PART AND DENIED IN PART and that the district judge tax costs in favor of Defendant and against Plaintiffs in the amount of $1,039.29.  The Court RECOMMENDS the remainder of Defendant's request for costs be DENIED WITHOUT PREJUDICE.

16

In addition, the Court GRANTS Defendant leave to file
supplemental documentation in support of his request for copying
costs and witness mileage fees.  Defendant shall file the
supplemental documentation by October 21, 2010, and Plaintiffs
may file a response by November 4, 2010.  The Court will issue an
amended Findings and Recommendation thereafter.  The Court
CAUTIONS Defendant that, if he does not file the supplemental
documentation or if the supplemental documentation does not
address the issues raised herein, this Court will recommend that
Defendant's requests be denied with prejudice.

The parties are advised that any objection to this
Finding and Recommendation is due seventeen calendar days after
being served with a copy of this Findings and Recommendation.
See Fed. R. Civ. P. 5(b)(2) & 6(d); Local Rule 74.2.  If an
objection is filed with the Court, it shall be captioned
"Objections to Magistrate Judge's Findings and Recommendation."
A copy of the objection shall be served on all parties.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, September 30, 2010.



　　　　　　　　　　　　　 /S/ Leslie E. Kobayashi
　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　United States Magistrate Judge

**O. THRONAS, INC., ET AL. V. ALVA BLAKE, ET AL**; CIVIL NO. 09-00353 DAE-LEK; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS FILED AUGUST 31, 2010

18