IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| O. THRONAS, INC., a Hawai'i corporation, and KAUA'I AGGREGATES, a Hawai'i Limited Partnership,<br><br>         Plaintiff,<br><br>    vs.<br><br>ALVA BLAKE, aka ALVA E. BLAKE, etc., et al.,<br><br>         Defendants. | CIVIL NO. 09-00353 DAE-LEK |

**AMENDMENT TO FINDINGS AND RECOMMENDATION TO
GRANT IN PART AND DENY IN PART PLAINTIFFS' OBJECTIONS
TO DEFENDANT'S BILL OF COSTS FILED AUGUST 31, 2010**

On September 30, 2010, this Court issued its Findings and Recommendation to Grant in Part and Deny in Part Plaintiffs' Objections to Defendant's Bill of Costs Filed August 31, 2010 ("F&R"). This Court recommended that the district judge: grant in part and deny in part Plaintiffs O. Thronas, Inc. and Kauai Aggregates' (collectively "Plaintiffs") Objections to Defendant's Bill of Costs ("Objections"), filed September 7, 2010; award Defendant Alva Blake, individually and as the personal representative of the Estate of Puanani Ilae Blake[1] ("Defendant"), $1,039.29 in taxable costs;[2] and deny the

---

[1] Formerly known as Helen Puanani Blake and Helen P. Blake.

[2] Defendant filed his Bill of Costs and Memorandum in Support of the Bill of Costs (collectively "Bill of Costs") on August 31, 2010.

remainder of Defendant's request for taxation of costs without prejudice.  The F&R gave Defendant leave to submit further documentation in support of his request for the taxation of copying costs and witness mileage fees.  The F&R cautioned Defendant that, if it failed to address all of the issues identified in the F&R, this Court would recommend that the denial be with prejudice.

On October 21, 2010, Defendant filed his Supplemental Memorandum in Support of the Bill of Costs ("Supplement").  Defendant states that he was not able to obtain sufficient documentation for the requested $20.00 mileage fees, and therefore he is no longer seeking taxation of the mileage fees.  [Supplement at 2 n.1.]  Defendant provided tables with the date, cost, description, and purpose of each commercial copying expense.  Each set of documents copied commercially was either prepared for Plaintiffs during discovery or subpoenaed by Defendant.  [Id. at 3, 5.]  Defendant also provided a table identifying each document copied in-house by date, total pages copied, total cost, description of the document, number of pages per document, and purpose for each copy of the document.  [Supplement at 7-10.]  The per page, in-house copying cost was $0.15 per page.  [Supplement, Decl. of David J. Minkin ("Minkin Decl."), at ¶ 9.]

Plaintiffs filed their Supplemental Objections to Bill of Costs Filed August 31, 2010 ("Supplemental Objections"), on November 4, 2010.  Plaintiffs reserve all arguments raised in their original Objections.  Plaintiffs acknowledge that the Supplement "largely addresses the deficiencies set forth in the [F&R]."  [Supplemental Objections at 3.]  Plaintiffs, however, argue that the Supplement still does not establish that either the commercial or in-house copies of documents that Defendant obtained from Cobb Realty were necessary and were not for mere discovery.

## DISCUSSION

### I.  Witness Mileage Fees

The F&R noted that witness mileage fees are taxable costs pursuant to 28 U.S.C. § 1920(3) and Local Rule 54.2(f)(3), but the requesting party must establish, *inter alia*, that the mileage fees were calculated consistent with 28 U.S.C. § 1821.  [F&R at 15.]  The Court gave Defendant leave to submit supplemental documentation for the claimed mileage fees, including how the fees were calculated.  [Id. at 16.]  Defendant concedes that he cannot produce proper documentation for the requested $20.00 mileage fees.  Thus, Defendant no longer seeks taxation of those costs.  The Court therefore RECOMMENDS that Plaintiffs' Objections and Supplemental Objections be GRANTED as to Defendant's request for the taxation of witness mileage fees.

Further, the Court RECOMMENDS that Defendant's request for the taxation of the witness mileage fees be DENIED WITH PREJUDICE.

## II. Copying Costs

This Court set forth the standard for taxation of commercial and in-house copying costs in the F&R.  [F&R at 12 (quoting Local Rule LR54.2(f)(4)).]

### A. Commercial Copying Costs

Defendant seeks $2,032.74 for "outside photocopying [that] was necessitated because records were subpoenaed, obtained or requested by Plaintiffs for discovery."  [Supplement at 2.] Based on Defendant's submissions in the Supplement and the Bill of Costs, this Court finds that these copies were "necessarily obtained for use the case", and that the charges were reasonable and actually incurred.  See Local Rule LR54.2(f)(4).  Further, the Court finds that these copies were not "obtained for the use and/or convenience" of Defendant and his counsel.  See id.  The Court FINDS that the cost for the commercial copying of documents produced to Plaintiffs is taxable.

Defendant also seeks $2,414.93 in commercial copying costs for documents that Defendant subpoenaed.  Defendant argues that these copies were "used for discovery, verifying information in Plaintiffs' Complaint and [First Amended Complaint], . . . deposition preparation, formulating [Defendant's] defenses and supporting [Defendant's motion to dismiss] and other pleadings."

[Supplement at 5; see also Minkin Decl. at ¶¶ 5-7.] These copies were "obtained for the use and/or convenience" of Defendant and his counsel. The Court therefore FINDS that the cost of copying documents that Defendant subpoenaed is not taxable pursuant under Local Rule 54.2(f)(4). Further, Defendant's request should be denied with prejudice because the F&R cautioned Defendant that, in order to tax copying costs, the Court must be able to determine that the copies were not for the use and convenience of Defendant and his counsel. [F&R at 13.]

This Court therefore RECOMMENDS that Plaintiffs' Objections and Supplemental Objections as to Defendant's commercial copying costs be GRANTED IN PART AND DENIED IN PART. Further, the Court RECOMMENDS that Defendant's request for the taxation of commercial copying costs be GRANTED IN PART AND DENIED IN PART. The Court RECOMMENDS that the district judge TAX $2,032.74 in commercial copying costs in favor of Defendant and against Plaintiffs. The Court RECOMMENDS that the remainder of Defendant's request for the taxation of commercial copying costs be DENIED WITH PREJUDICE.

    B.    **In-House Copying Costs**

Defendant seeks $233.40 for in-house copying costs, which he argues were "necessarily incurred in litigating this matter as they related to copying documents submitted to the Court and/or served upon counsel for other parties and/or

attributable to discovery . . . ." [Minkin Decl. at ¶ 12.]

Defendant provided the information required by Local Rule 54.2(f)(4), and the per page costs is consistent with the district court's allowable rate. The Court agrees with Defendant that the copies of the listed documents which Defendant submitted to the district court or a court reporter, or served on the opposing parties were necessary and taxable under Local Rule 54.2(f)(4). As previously noted, however, the cost to obtain copies for Defendant's, or defense counsel's, use and convenience is not taxable. All of the in-house copies of documents made for Defendant's or defense counsel's files therefore are not taxable. Defendant seeks the cost of 393 pages of documents attributed to "file". [Supplement at 7-10.] The Court FINDS that these documents are not compensable, and therefore $58.95 of Defendant's request for in-house copying costs is not taxable.

This Court RECOMMENDS that Plaintiffs' Objections and Supplemental Objections as to Defendant's in-house copying costs be GRANTED IN PART AND DENIED IN PART. Further, the Court RECOMMENDS that Defendant's request for the taxation of in-house copying costs be GRANTED IN PART AND DENIED IN PART. The Court RECOMMENDS that the district judge TAX $174.45 for in-house copying costs in favor of Defendant and against Plaintiffs. The Court RECOMMENDS that the remainder of Defendant's request for the taxation of in-house copying costs be DENIED WITH PREJUDICE.

**CONCLUSION**

On the basis of the foregoing, this Court hereby AMENDS its Findings and Recommendation to Grant in Part and Deny in Part Plaintiffs' Objections to Defendant's Bill of Costs Filed August 31, 2010, which the Court filed on September 30, 2010, as follows: in addition to the items in the original recommended award, the Court RECOMMENDS that the district judge TAX $2,032.74 in commercial copying costs and $174.45 for in-house copying costs in favor of Defendant and against Plaintiffs; and the Court RECOMMENDS that the remainder of Defendant's request for the taxation of costs be DENIED WITH PREJUDICE.  Thus, this Court RECOMMENDS that the district judge tax a grand total of $3,246.48 in favor of Defendant and against Plaintiffs.

The parties are advised that any objection to this Amendment to Findings and Recommendation is due seventeen calendar days after being served with a copy of this Amendment to Findings and Recommendation.  See Fed. R. Civ. P. 5(b)(2) & 6(d); Local Rule LR74.2.  If an objection is filed with the Court, it shall be captioned "Objections to Magistrate Judge's Amended Findings and Recommendation."  A copy of the objection shall be served on all parties.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, November 30, 2010.



    /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**O. THRONAS, INC., ET AL. V. ALVA BLAKE, ET AL; CIVIL NO. 09-00353 DAE-LEK; AMENDMENT TO FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS FILED AUGUST 31, 2010**